**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDY KERR, Colorado State
Representative; NORMA V. ANDERSON;
JANE M. BARNES, member Jefferson
County Board of Education; ELAINE
GANTZ BERMAN, member State Board
of Education; ALEXANDER E.
BRACKEN; WILLIAM K. BREGAR,
member Pueblo District 70 Board of
Education; BOB BRIGGS, Westminster
City Councilman; BRUCE W.
BRODERIUS, member Weld County
District 6 Board of Education; TRUDY B.
BROWN; JOHN C. BUECHNER, Ph.D.,
Lafayette City Councilman; STEPHEN A.
BURKHOLDER; RICHARD L. BYYNY,
M.D.; LOIS COURT, Colorado State
Representative; THERESA L. CRATER;
ROBIN CROSSAN, member Steamboat
Springs RE-2 Board of Education;
RICHARD E. FERDINANDSEN;
STEPHANIE GARCIA, member Pueblo
City Board of Education; KRISTI
HARGROVE; DICKEY LEE
HULLINGHORST, Colorado State
Representative; NANCY JACKSON,
Arapahoe County Commissioner; CLAIRE
LEVY, Colorado State Representative;
MARGARET MARKERT, Aurora City
Councilwoman, AKA Molly Markert;
MEGAN J. MASTEN; MICHAEL
MERRIFIELD; MARCELLA L.
MORRISON, AKA Marcy L. Morrison;
JOHN P. MORSE, Colorado State Senator;
PAT NOONAN; BEN PEARLMAN,
Boulder County Commissioner;

No. 17-1192
(D.C. No. 1:11-CV-01350-RM-NYW)
(D. Colo.)

WALLACE PULLIAM; FRANK WEDDIG, Arapahoe County Commissioner; PAUL WEISSMANN; JOSEPH W. WHITE; CHEYENNE WELLS RE-5 SCHOOL DISTRICT BOARD OF EDUCATION; SUSAN LONTINE; DENVER COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION; K. C. BECKER; BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY; BOULDER VALLEY SCHOOL DISTRICT RE-2 BOARD OF EDUCATION; GUNNISON COUNTY METROPOLITAN RECREATION DISTRICT; LESLIE HEROD; PUEBLO CITY DISTRICT 60 BOARD OF EDUCATION; CHRISTOPHER J. HANSEN; GUNNISON WATERSHED RE-IJ SCHOOL DISTRICT BOARD OF EDUCATION; COLORADO SPRINGS DISTRICT 11 BOARD OF EDUCATION; POUDRE SCHOOL DISTRICT BOARD OF EDUCATION; PUEBLO COUNTY SCHOOL DISTRICT 70 BOARD OF EDUCATION; WILLIAM G. KAUFMAN,

      Plaintiffs - Appellants,

v.

JARED POLIS, Governor of Colorado in his official capacity,

      Defendant - Appellee.

-------------------------------

COLORADO ASSOCIATION OF SCHOOL EXECUTIVES; COLORADO ASSOCIATION OF SCHOOL BOARDS; THE COLORADO UNION OF TAXPAYERS FOUNDATION;

2

MOUNTAIN STATES LEGAL
FOUNDATION,

    Amici Curiae.

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.[*]
_____

This matter is before us on Appellee's *Petition for Rehearing En Banc* ("Petition"). We also have a response from Appellants.

The Petition and response were circulated to all non-recused active judges of the court. A poll was called, and a majority of the non-recused active judges voted to rehear this matter en banc. Accordingly, the Petition is GRANTED, the court's July 22, 2019 judgment is VACATED, the abatement of this matter is LIFTED, and this matter is REOPENED. *See* Fed. R. App. P. 35(a); *see also* 10th Cir. R. 35.6 (noting the effect of the grant of en banc rehearing is to vacate the judgment and to restore the case on the docket). Governor Polis need not file any additional status reports.

Although this entire case will be reheard en banc, the parties shall specifically address the following question[s] in supplemental briefs:

1.     Is political subdivision standing a threshold jurisdictional limitation?

---

[*] The Honorable Scott M. Matheson and the Honorable Joel M. Carson are recused in this matter.

a.      Is this inquiry jurisdictional under Article III, such that it is properly considered on a Rule 12(b)(1) motion to dismiss?

b.      Or, is this inquiry a "zone of interests" test, as understood by *Lexmark Int'l v. Static Control*, 572 U.S. 118 (2014)?

c.      Under either approach, if this inquiry cannot be made without delving into the merits of the case, can the court delay the political subdivision standing inquiry to the merits stage?

2.      Under our cases, what does political subdivision standing require?

a.      Must the court ascertain whether the political subdivision plaintiffs' claim relies on a putatively controlling federal law, where the political subdivision plaintiffs are essentially the beneficiaries of that federal law? *Branson School Dist. RE-82 v. Romer*, 161 F.3d 619 (10th Cir. 1998).

b.      Or, must the court ascertain whether the political subdivision plaintiffs' claim relies on a federal statute that is directed at protecting, or specifically provides, rights to the political subdivision plaintiffs? *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251 (10th Cir. 2011).

c.      Are these two standards the same, or did *City of Hugo* narrow or clarify the scope of political subdivision standing as laid out in *Branson*?

Appellee's supplemental brief shall be filed and served within 30 days of the date of this order, and shall be no longer than 20 double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellee's supplemental brief must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

4

Within 30 days of service of Appellee's supplemental brief, Appellants shall file a supplemental response brief subject to the same length and font limitations. Sixteen paper copies of Appellants' supplemental brief must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

Within 14 days of service of Appellants' supplemental brief, Appellee may file a reply. The reply shall be limited to 10 double-spaced pages in length. Like the primary supplemental briefs, 16 paper copies of the reply must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

Upon completion of supplemental briefing, this matter will be set for oral argument before the en banc court. The parties will be advised of the date and time for the en banc argument via separate order.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk